# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

JOEL BARBANELL,

        PLAINTIFF,

vs.

DEPARTMENT STORES NATIONAL BANK,

        DEFENDANT.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, Joel Barbanell ("Plaintiff"), by and through undersigned counsel, and brings this action against Defendant, Department Stores National Bank ("Defendant"), and as grounds thereof would allege as follows:

## INTRODUCTION

1.      This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA") and the Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2.      The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice — (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

3.      The FCCPA prohibits debt collectors and persons, respectively, from engaging in

abusive, deceptive, and unfair collection practices.

4.       Plaintiff alleges that Defendant has unlawfully called his cellular telephone in an attempt to collect an alleged debt in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief, as well as damages in accordance with the TCPA.

## JURISDICTION

5.       This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

6.       Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA claims in that it forms part of the same case or controversy under Article III of the United States Constitution.

7.       Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

8.        At all times relevant to this Complaint, Defendant, is a limited purpose national bank that operates as a subsidiary of Citibank, N.A., and is jointly owned by Citibank and Macys. It is headquartered in Sioux Falls, South Dakota.

9.       At all times relevant to this Complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

10.      At all times relevant to this Complaint, Plaintiff, was and is a natural person with standing to bring a claim under the TCPA by virtue of being directly affected by violations of the

TC-0016

Act.

## BACKGROUND AND GENERAL ALLEGATIONS

11.     In or around March of 2016, Plaintiff patronized Macy's department store in Boca Raton, Florida.  While in the store, Plaintiff applied for and was approved to receive a Macy's branded American Express Card.

12.     Defendant issues credit cards in the name of Macys and American Express.

13.     Although Plaintiff provided his address in connection with the application, he did not receive a physical card or billing statement in the mail as expected.

14.     In May of 2016, Plaintiff began receiving phone calls on his cellular telephone from Defendant.  Defendant's representatives consistently identified themselves as calling from Macy's American Express. However, upon information and belief, Defendant is the actual party servicing and collecting on the account.

15.     Defendant's calls sought to collect from Plaintiff an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

16.     Upon information and belief, Defendant, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (305-XXX-1116).

17.     Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's auto-dialing system attempted to connect the Plaintiff to a live telephone employee.

18.     Upon answering four of these calls, Plaintiff requested a paper billing statement be transmitted to his address.  Plaintiff confirmed his address each time and each time was told

the statement would arrive in ten (10) business days.

19.     Each time Plaintiff answered a call, he instructed Defendant's representative not to call him on his cellular telephone again.

20.     These calls originated from various numbers including, but not limited to, 513-523-8031, 727-556-7300 and 904-549-7558 and include, but are not limited to, calls placed on:

   a.   May 18, 2016 at 8:25 a.m.

   b.   May 20, 2016 at 10:18 a.m.

   c.   May 26, 2016 at 9:33 a.m.

   d.   May 28, 2016 at 10:46 a.m.

   e.   June 4, 2016 at 4:15 p.m.

21.     Plaintiff is the sole owner, subscriber, and user of the cellular telephone that Defendant's calls were made to.

22.     Plaintiff was damaged by these unlawful calls.  His privacy was improperly invaded, his peace was disturbed, his cellular telephone's battery and memory were taxed, his cellular telephone line was tied-up, and he was forced to spend time tending to unwanted calls.

23.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

24.     Upon information and belief, Defendant knew their calling techniques were in violation of the TCPA, yet still continued to call Plaintiff's cellular telephone with an autodialer and therefore willfully or knowingly violated the TCPA.

### COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227(b)(1)(A)(iii)

25.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24.

26.     It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular

TC-0016

telephone using an automatic telephone dialing system without that person's prior express consent.

27.      Defendant placed many non-emergency calls including, but not limited to, the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

28.      Plaintiff did not expressly authorize Defendant to call his cellular telephone in service of Defendant's general business aims.  Further, Plaintiff's oral instructions to cease calls effectively revoked any prior consent Defendant may believe it had. See *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

29.      Upon information and belief, the aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.  These calls bore telltale signs of an automated call, such as a prerecorded message or a noticeable gap between picking up the call and a human being coming on the line.

30.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

31.      Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer).  See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No.

02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

32.     Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.  *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

33.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority, acted willfully and therefore intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).  Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need not know that his action or inaction constitutes a violation."  *In re Dynasty Mortg., L.L.C.*, 22 F.C.C. Rcd. 9453, 9470 n.86, 2007 WL 1427724 (F.C.C. May 14, 2007).

34.     Congress enacted the TCPA to prevent real harms to the public.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227.  See also *Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

35.     In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

36.     Defendant's phone calls injured Plaintiff by causing the very harm that Congress

sought to prevent—a "nuisance and invasion of privacy."

37.     Defendant's phone calls also harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone; (2) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone line; (3) intruding upon Plaintiff's seclusion; (4) wasting Plaintiff's time; (5) depleting the battery life on Plaintiff's cellular telephone; (6) using memory storage space in Plaintiff's cellular telephone; and (7) causing Plaintiff aggravation, indignation and unwarranted stress.

38.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.     Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant America Express Company for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

### COUNT II - VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

40.     Plaintiff repeats, realleges and incorporates herein paragraphs 1 through 43.

41.     Florida Statutes §559.72(7) states:  In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the

*TC-0016*

debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

42.     To state a claim for violation under § 559.72(9) of the FCCPA, it must be alleged that the defendant asserted a legal right that did not exist and that the defendant had actual knowledge that the right did not exist.  *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167 at * 9 (S.D. Fla. Aug. 13, 2009).  An allegation that an attempt to collect a debt in violation of state or federal law is sufficient to state a claim that defendant asserted a legal right that did not exist.  *Brook v. Suncoast Schools, FCU*, 2012 WL 6059199 at * 3 (M.D. Fla. Dec. 6, 2012) (motion to dismiss denied where plaintiffs alleged that defendant asserted a legal right that did not exist when it attempted to collect a debt in violation of the Florida Deceptive and Unfair Trade Practices Act and the TCPA).

43.     As set forth in paragraphs 10 through 41 above, Defendant has on several occasions called Plaintiff's cellular telephone in violation of the TCPA's prohibition on auto-dialing cellphones without prior express consent.

44.     Defendant's calls also constitute violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*, which prohibits use of "unfair or deceptive acts or practices in the conduct of any trade or commerce."

45.     By attempting to collected a debt in violation of the TCPA and FDUTPA, Defendant, through its agents, representatives and/or employees acting within the scope of their authority, asserted a legal right that did not exist in violation of Florida Statutes §559.72(9)

46.     As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages to Plaintiff include, but are not necessarily limited to, the injuries described in paragraphs 34 through 42.

47.     As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00, together with reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, Department Stores National Bank, for actual damages, statutory damages, along with costs and reasonable attorneys' fees pursuant to Florida Statutes § 559.77(2), and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, Joel Barbanell, hereby demands a trial by jury of all issues so triable.

/s/

GEORGE N. ANDREWS, ESQ.
Florida Bar Number: 15885
E-mail: George@fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

*TC-0016*